UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hoberman Designs, Inc., ) | Case No. CV14-04467 JAK (JPRx) |
| ) Plaintiff, ) | |
| v. ) ) | CONSENT DECREE PURSUANT TO STIPULATION  JS-6 |
| Giant Toys Imports, Inc., Dror Avshalom ) a/k/a David Avshalom a/k/a Delaram ) Moshfegh a/k/a Delaram Moshfegh ) Avshalom, and Does 1 – 10, inclusive, ) ) Defendants. ) | |

The Court, having read and considered the Joint Stipulation for Entry of Consent Decree that has been executed on behalf of Plaintiff Hoberman Designs, Inc. ("Plaintiff"), on the one hand, and Defendants Giant Toys Imports, Inc. and Dror Avshalom a/k/a David Avshalom a/k/a Delaram Moshfegh a/k/a Delaram Moshfegh Avshalom (collectively "Defendants"), on the other hand, and good cause appearing therefore, hereby:

ORDERS that this Consent Decree shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 et seq., 15 U.S.C. § 1051 et seq., 28 U.S.C.

§§ 1331 and 1338, and 28 U.S.C. § 1367.  Service of process was properly made against Defendants.

2) Plaintiff is the owner or exclusive licensee of all rights in and to the copyright and trademark registrations listed in Exhibits "A" through "B," attached hereto and incorporated herein by this reference ("Plaintiff's Properties").

3) Plaintiff has expended considerable resources in the creation and commercial exploitation of Plaintiff's Properties on merchandise and in the enforcement of its intellectual property rights in Plaintiff's Properties.

4) Plaintiff has alleged that Defendants have made unauthorized uses of Plaintiff's Properties or substantially similar likenesses or colorable imitations thereof.

5) Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the injunction are hereby restrained and enjoined from:

    a) Infringing Plaintiff's copyrights and trademarks in Plaintiff's Properties, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling, or offering for sale, any unauthorized product which features any of Plaintiff's Properties ("Unauthorized Products"), and, specifically:

        i) Importing, manufacturing, distributing, advertising, selling, or offering for sale, the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiff's Properties;

        ii) Importing, manufacturing, distributing, advertising, selling, or offering for sale, in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiff's Properties;

iii) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe, the actions of Defendants, the products sold or offered by Defendants, or Defendants themselves are connected with Plaintiff, are sponsored, approved or licensed by Plaintiff, or are affiliated with Plaintiff; or

iv) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, selling, offering for sale, or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

6) Each side shall bear its own fees and costs of suit.

7) This Consent Decree shall be deemed to have been served upon Defendants at the time of its execution by the Court.

8) The Court finds there is no just reason for delay in entering this Consent Decree and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Consent Decree against Defendants.

9) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Consent Decree.

10) The above-captioned action, shall, be reopened should Defendant default under the terms of the Settlement Agreement or this Consent Decree.

11) This Court shall retain jurisdiction over Defendants for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof; and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

12)   Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

Dated: June 3, 2015

_____
Hon. John A. Kronstadt
United States District Judge

## EXHIBIT A

## HOBERMAN COPYRIGHTED DESIGNS

| Copyright Registration | Title of Work (Character) | Type of Work |
|---|---|---|
| VA 932-828 | MINI SPHERE | Sculpture |
| VA 1-225-002 | TWISTO TRANSFORMING SPHERE | Sculpture |

# EXHIBIT B

# HOBERMAN TRADEMARKS

| Trademark | Mark Drawing Code | Trademark Registration No. | Trademark Registration Date |
|---|---|---|---|
| HOBERMAN SPHERE | Typed Drawing | 2,969,146 | 7/19/2005 |
| SWITCH PITCH | Standard Character Mark | 3,163,097 | 10/24/2006 |